UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BORIS ODYNOCKI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1423** |
| **SOUTHERN UNIVERSITY AT NEW ORLEANS, ET AL** | **SECTION: "P" (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed on behalf of Defendants, the State of Louisiana through Southern University at New Orleans, Dr. Dennis Shields, Dr. James Ammons, Jr., and Dr. Gregory Ford. (R. Doc. 7). For the following reasons, the Motion is **GRANTED**.

**I.    BACKGROUND**

This action arises out of Plaintiff Boris Odynocki's termination from his position as a tenured associate professor of sociology in January 2023 from Defendant Southern University at New Orleans ("SUNO").[1] Plaintiff, who is 82 years old, alleges that the given reasons for his termination—"unethical and immoral" conduct, "neglect of duty," "incompetence," and "failure to perform duties in a professional manner"—are a pretext for age discrimination. Plaintiff brings claims for age discrimination under federal and state law against SUNO; President-Chancellor Dr. Dennis Shields; Chancellor Dr. James

---

[1] The Court notes that Plaintiff previously filed two separate actions arising out of the suspension and termination of his employment in this district. Plaintiff voluntarily dismissed the first complaint, 22-cv-2695, and Magistrate Judge North dismissed the second, 22-cv-209, on jurisdiction, qualified immunity, and Rule 12(b)(6) grounds.

Ammons, Jr.; and Vice-Chancellor of Academic Affairs Dr. Gregory Ford.[2] Plaintiff initially filed this *pro se* action in the Civil District Court for the Parish of Orleans, and Defendants removed the case pursuant to this Court's federal question jurisdiction.

In the instant Motion, Defendants move to dismiss Plaintiff's claims against them on several grounds. Plaintiff opposes the Motion.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The court need not, however, accept as true legal conclusions couched as factual allegations.[6] To be legally sufficient, a complaint must establish more than a "sheer possibility" the plaintiff's claims are true.[7] If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim.[8] The court's review is limited to the complaint and any documents

---

[2] Although Plaintiff's petition outlines facts purporting to allege a claim for violation of his procedural due process rights, he makes clear in his opposition to Defendants' Motion to Dismiss that he does not intend to bring such a claim.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[4] *Id.*
[5] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.
[7] *Id.*
[8] *Lormand*, 565 F.3d at 255–57.

attached to the motion to dismiss that are central to the claim and referenced by the complaint.[9]

### III.  LAW AND ANALYSIS

Plaintiff brings claims under the Age Discrimination in Employment Act ("ADEA") and the Louisiana Employment Discrimination Law ("LEDL"). Defendants argue that Plaintiff's claims against them should be dismissed because individual supervisors cannot be liable for age discrimination and Plaintiff failed to exhaust administrative remedies.[10] This Court will consider each argument in turn.

#### A. Individual Supervisor Liability

First, Defendants allege that a claim under the ADEA and LEDL is only viable against an employer, and therefore Plaintiff's claims against the individual defendants must be dismissed. This Court agrees. "The ADEA makes it unlawful for an *employer* to discriminate against an individual on the basis of age. Under the ADEA, the term 'employer' means a person 'engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."[11] The Fifth Circuit has therefore expressly held that the "ADEA provides no basis for individual liability for supervisory employees."[12] Similarly, "Louisiana courts have consistently held that neither co-employees nor

---

[9] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[10] Because resolution of these arguments results in the dismissal of Plaintiff's claims, the Court need not address Defendants' other arguments, including *res judicata*, absolute immunity, and qualified immunity.
[11] *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (quoting 29 U.S.C. § 630(b)).
[12] *Id.*

3

supervisors are subject to individual liability under the LEDL."[13] Accordingly, Plaintiff's claims against Shields, Ammons, and Ford for age discrimination are dismissed.

### B. Administrative Remedies

Next, Defendants argue that Plaintiff's claims should be dismissed for his failure to exhaust administrative remedies before bringing this suit. Under the ADEA, an employee may not seek judicial relief against discriminatory employment practices based on age until the employee has exhausted administrative remedies by filing a charge of discrimination with the EEOC.[14] There is no evidence here that Plaintiff has done so. Plaintiff contends only that he appealed his termination to the President of SUNO. This is insufficient to satisfy the statutory requirements to bring an ADEA claim. Accordingly, Plaintiff's ADEA claim is premature and is dismissed without prejudice.

The LEDL, on the other hand, does not require a "federal or state administrative charge as a precondition to a civil action."[15] Rather, it requires that:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.[16]

There is no evidence that Plaintiff complied with this requirement. While the statute "does not provide any penalty for noncompliance with this section," several courts "have held that an employment discrimination claim must be dismissed if the plaintiff failed to comply

---

[13] *Hilliard v. Parish*, 991 F. Supp. 2d 769, 777–78 (E.D. La. 2014).
[14] 29 U.S.C. § 626(d).
[15] *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 570 (5th Cir. 2012).
[16] LA. REV. STAT. § 23:303(c).

with the notice provision" of the LEDL.[17] "The consistent holdings in the case law indicate that the statute is to be imposed literally and any deficiency to the notice requirement is fatal to the plaintiff's claim."[18] Accordingly, Plaintiff's LEDL claim is also premature and must be dismissed without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss (R. Doc. 7) is **GRANTED**. Plaintiff's claims against Defendants Shields, Ammons, and Ford are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against SUNO are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 21st day of March 2024.

_____
**DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE**

---

[17] *Plaisance v. Airgas-Gulf States, Inc.*, No. 07-8440, 2008 WL 1730535, at *4 (E.D. La. Apr. 10, 2008) (and cases cited therein). See *Notariano v. Tangipahoa Par. Sch. Bd.*, No. 16-17832, 2019 WL 77236, at *2 (E.D. La. Jan. 2, 2019) ("Failure to comply with the statute's pre-suit notice requirements may result in dismissal without prejudice."); *Johnson v. Acosta*, No. 10-1756, 2010 WL 4025883, at *5 (E.D. La. Oct. 12, 2010); *Simpson-Williams v. Andignac*, 902 So. 2d 385, 388 (La. App. 4 Cir. 2005) ("Plaintiffs [sic] claims against Defendants were premature under the Louisiana Employment Discrimination Law. Plaintiffs failed to comply with the literal terms of LSA–R.S. 23:303(C)").
[18] *Miguel v. GEICO Gen. Ins. Co.*, 207 So. 3d 507, 511 (La. App. 4 Cir. 2016).